IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00224-GPG

MATTHEW ALAN SMITH,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.

---

## ORDER OF DISMISSAL

---

Plaintiff, Matthew Alan Smith, initiated this action in October 2014 in the United States District Court for the District of Oregon. On January 25, 2016, the District of Oregon entered an order granting Mr. Smith's Motion to Transfer Venue and transferred the action to this Court. (*See* ECF No. 1.) The operative pleading is Mr. Smith's Amended Complaint (ECF No. 4). For the reasons stated below, the action will be dismissed.

Mr. Smith is subject to a sanction order that restricts his ability to file *pro se* actions. *See Smith v. Byron White 10th Circuit Fed. Court*, No. 14-cv-00669-LTB (D. Colo. Mar. 10, 2014). The sanction order was entered April 4, 2014, as a result of Mr. Smith's abusive history of filing frivolous actions. (*See id.* at ECF No. 7.) In the sanction order Mr. Smith was "prohibited from filing any new action in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the District of Colorado unless he obtains permission to proceed *pro se*" by following the

procedures specified in the sanction order.   In order to proceed *pro se*, the sanction order requires Mr. Smith to submit to the Court a motion requesting leave to file a *pro se* action that includes a list of all past and currently pending lawsuits filed in the District of Colorado, a statement of the legal issues to be raised in the proposed new pleading and whether he has raised those issues in other proceedings in the District of Colorado, and a copy of the proposed new pleading to be filed in the *pro se* action.

Mr. Smith is not represented by an attorney in the instant action and he has not obtained leave of court to proceed *pro se*.   Therefore, on February 1, 2016, Magistrate Judge Gordon P. Gallagher entered an Order to Show Cause (ECF No. 5) directing Mr. Smith to show cause why this action should not be dismissed for failure to comply with the sanction order.   Magistrate Judge Gallagher specifically noted that, although this action was not filed originally in the District of Colorado, Mr. Smith may not avoid the sanction order by filing an action in a different court and then seeking and obtaining a transfer of the action to the District of Colorado.

On February 12, 2016, Mr. Smith filed a Response to Show Cause Order and Request to Appoint Counsel (ECF No. 6).   He argues in the response that his claims have merit and should be presented by counsel and he asks the Court to stay this action until counsel is appointed to represent him or he can afford to hire counsel.   He also argues that he did not technically violate the sanction order because the action was filed originally in the District of Oregon.   The Court rejects this last argument because, as Magistrate Judge Gallagher noted, Mr. Smith is the party who sought to have this action transferred to the District of Colorado.

Mr. Smith presents no argument or authority that would justify a stay or appointment of counsel. With respect to appointment of counsel, there is no Sixth Amendment right to appointment of counsel in a civil action. *See Beaudry v. Corr. Corp. of America*, 331 F.3d 1164, 1169 (10th Cir. 2003). The Court does have discretion to appoint counsel if Mr. Smith is allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(e)(1). Under that discretionary authority, the factors to be considered generally include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues being raised. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Based on the Court's consideration of the relevant factors, Mr. Smith fails to demonstrate that appointment of counsel is appropriate. The instant action is Mr. Smith's sixth lawsuit in the District of Colorado stemming from his employment with Defendant that was terminated in November 2012. *See Smith v. United Parcel Serv.*, No. 15-cv-02215-LTB (D. Colo. Oct. 9, 2015) (denying motion to proceed *pro se* and dismissing action); *Smith v. United Parcel Serv.*, No. 15-cv-01669-LTB (D. Colo. Aug. 7, 2015) (dismissed for failure to comply with sanction order); *Smith v. United Parcel Serv.*, No. 14-cv-00787-LTB (D. Colo. Apr. 23, 2014) (dismissed for failure to comply with pleading requirements of Fed. R. Civ. P. 8); *Smith v. United Parcel Serv.*, No. 13-cv-01815-LTB-CBS (D. Colo. Mar. 24, 2014) (dismissed on merits), *appeal dismissed*,

578 F. App'x 755 (10th Cir. 2014); *Smith v. United Parcel Serv.*, No. 12-cv-01578-LTB-CBS (D. Colo. Nov. 15, 2013) (dismissed on merits), *appeal dismissed*, 578 F. App'x 755 (10th Cir. 2014). Even assuming the specific claims Mr. Smith raises in the Amended Complaint were not raised in the prior actions against Defendant that were dismissed on the merits, he presents no argument that would justify allowing him to file another *pro se* action against Defendant.

Furthermore, even assuming Mr. Smith could raise the claims he asserts in the Amended Complaint in a new action, he fails to provide a short and plain statement of those claims as required by the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Smith has been advised in a number of prior cases that he must provide a short and plain statement of his claims showing he is entitled to relief. *See, e.g.*, *Smith v. United Parcel Serv.*, No. 14-cv-00787-LTB (D. Colo. Apr. 3, 2014). He has failed to do so in the Amended Complaint and the absence of a short and plain statement of the claims he intends to pursue is another reason that justifies denying leave to file a *pro se* action.

In conclusion, the action will be dismissed for failure to comply with the sanction order. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 4) and the action are dismissed without prejudice.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   17th   day of   February  , 2016.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court